UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, <br><br> Plaintiff, <br><br> v. <br><br> DANNY L. WALKER, KIM M. WALKER, and L.D., <br><br> Defendants. | CASE NO. C18-5879 BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION |

This matter comes before the Court on Plaintiff Homesite Insurance Company of the Midwest's ("Homesite") motion for clarification. Dkt. 29. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On September 10, 2017, Geico Insurance Agency, Inc. issued Danny and Kim Walker ("the Walkers") a homeowners insurance policy underwritten by Homesite ("the

Policy"). Dkt. 1-2. The policy period began on September 7, 2017, and ended on September 8, 2018. Dkt. 1-2 at 4. On May 25, 2018, James Dunn ("Dunn") and his minor child L.D. (collectively "the Dunns") filed suit against the Walkers in Kitsap County Superior Court for the State of Washington claiming outrage and negligent supervision and care. Dkt. 1-1, ¶ 4.2. The Walkers tendered defense to Homesite. Dkt. 1-3 at 2. On October 19, 2018, Homesite sent the Walkers a letter agreeing to defend them under a reservation of rights. *Id*.

On February 15, 2019, the Dunns filed an amended complaint in the underlying lawsuit asserting a claim for outrage and negligent supervision and negligent infliction of emotional distress. Dkt. 19-1, ¶¶ 4.1, 4.2.

On May 9, 2019, Homesite filed a motion for summary judgment seeking a declaration that it owes no obligation to defend or indemnify under the Policy. Dkt. 23. On August 27, 2019, the Court granted the motion in part and denied the motion in part. Dkt. 28. Specifically, the Court granted Homesite's motion on the issue of whether Homesite owed the Walkers a duty to defend against the claim for negligent supervision and denied the motion on the issue of whether Homesite owed a duty to defend against the claim for negligent infliction of emotional distress. *Id*. at 7–14. The Court then denied as premature Homesite's motion on the duty to indemnify. *Id*. at 14–15.

On September 10, 2019, Homesite filed the instant motion for clarification arguing that if it has no duty to defend the negligent supervision claim, then it has no duty to indemnify that claim as well. Dkt. 29. On September 17, 2019, the Dunns responded. Dkt. 30. On September 27, 2019, Homesite replied. Dkt. 31.

## II. DISCUSSION

It is well-established Washington law "that the duty to defend is different from and broader than the duty to indemnify." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 405 (2010), *as corrected on denial of reconsideration* (June 28, 2010) (citing *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 392 (1992)). While "[t]he duty to indemnify exists only if the policy *actually covers* the insured's liability[,] [t]he duty to defend is triggered if the insurance policy *conceivably covers* allegations in the complaint." *Id.* (citing *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53 (2007)) (emphasis in original).

In this case, the Court agrees with Homesite that the Court's previous order is unclear and clarification is necessary. Because the duty to defend is based on any conceivable coverage under the Policy, a conclusion that there is no duty to defend necessarily implies that there is no conceivable coverage under the Policy. Thus, even if Dunn proves every single fact alleged in the complaint as to the negligent supervision claim, Homesite has no duty to indemnify damages for that claim under the Policy. The Court's order could have been more specific as to this point instead of generally denying Homesite's motion on indemnity as premature. Therefore, the Court grants Homesite's motion and clarifies that Homesite owes the Walkers no duty to indemnify on the Dunns' claim for negligent supervision.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Homesite's motion for clarification, Dkt. 29, is **GRANTED**.

Dated this 7th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge